IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MITCHELL LUDVIGSEN,

                Plaintiff,

   v.

                                                            OPINION and ORDER

LINCOLN COUNTY SUPPORT AGENCY 59.53(5),
LINCOLN COUNTY, WISCONSIN, KARRY                      23-cv-265-wmc[1]
JOHNSON, GALEN BAYNE-ALLISON, JESSI
RUMSEY, and MEGHAN R. SNYDER,

                Defendants.

---

Pro se plaintiff Mitchell Ludvigsen contends that Lincoln County, the Lincoln County Support Agency, certain Lincoln County employees, and his ex-wife have violated his constitutional and state-law rights in numerous ways by requiring him to remit child support payments to his ex-wife. Ludvigsen paid the full filing fee, but the court has inherent authority "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of their fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

I am dismissing this case without prejudice for lack of subject matter jurisdiction.

ANALYSIS

In April of 2017, defendant Meghan Snyder, who works for the Lincoln County Child Support Agency, sent Ludvigsen a summons and petition to establish paternity of a child. Snyder compelled Ludvigsen to go to her office and submit a DNA sample; Ludvigsen did not have an attorney, but he complied with Snyder's directive. The results showed a 99.9%

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

likelihood that Ludvigsen was the father of the child in question, and Snyder declared him to be the "legal father." Snyder then directed Ludvigsen to sign a "stipulation and order," which Ludvigsen did not understand, and Snyder did not properly explain. Apparently, the stipulation and order was a child support order and provided that he had equal custody and placement of his son.

The records of the state-court proceedings show that a stipulation and order was entered in June of 2017, but that in January of 2023 the court held a hearing and then entered an amended judgment based on a change in the parties' circumstances. *See State v. Ludvigsen*, No. 2017FA51 (Lincoln Cnty.).[2] Defendant Judge Galen Bayne-Allison is presiding over that matter, in which Ludvigsen has multiple motions pending.

Ludvigsen contends that neither Lincoln County nor the Lincoln County Child Support Agency have the authority to order him to pay child support and that the order in place is the result of bribery, a conspiracy to violate his rights, and other federal and state-law violations. Ludvigsen further contends that these entities provide contractual services to customers who enlist their services to establish paternity, locate fathers, establish support orders, and support those orders. Therefore, Ludvigsen asserts that Judge Bayne-Allison's decisions in Lincoln County were not, in fact, judicial circuit court orders. Besides Snyder and Bayne-Allison, he names as defendants Lincoln County Child Support Agency; Lincoln County; and Jessie Rumsey, the Lincoln County Director of Social Services. But because Ludvigsen is still challenging the amended judgment entered in the Lincoln County proceeding, this court cannot address his claims. *See J.B. v. Woodard*, 997 F.3d 714, 723-24 (7th Cir. 2021) (federal

---

[2] *See* https://wcca.wicourts.gov.

courts cannot adjudicate claims that would impact contested and ongoing family court disputes).

Ordinarily when this court abstains from exercising jurisdiction over a case involving a claim for monetary damages, the court stays the proceeding. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). But this court does not have jurisdiction to address any challenge Ludvigsen wishes to raise related to the child support order. Lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Also, under the "domestic relations exception," this court lacks the authority to issue orders that would "involve[e] the issuance of a divorce, alimony, or child custody decree," which each are exclusively governed by state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007) (federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court). And Ludvigsen's challenge to the authority of the Lincoln County Circuit Court to issue orders invokes the so-called "sovereign citizen" theory for relief from state-court orders. Any such argument is frivolous and completely without merit. *See Bey v. State of Indiana*, 847 F.3d 559, 559-60 (7th Cir. 2017). Because the relief Ludvigsen seeks would require this court to review state court child support orders, his claims may not proceed in this court. I will dismiss this case without prejudice for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. The clerk of court is directed to close this case.

Entered May 8, 2023.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge